IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | :   Docket Numbers |
| v. | : |
| | :   22-cr-00098-01 |
| FREDRICK NORMAN , | : |
| | : |
| Defendant. | : |

DEFENDANT'S SENTENCING MEMORANDUM

*Introduction*

On March 17, 2022, the Defendant was Indicted and charged with Conspiracy in violation of 18 U.S.C. § 371.

On December 22, 2022, the Defendant was charged in a Superseding Indictment in Count One with Conspiracy in violation of 18 U.S.C. § 371 and on Count Three with Travel with Intent to Deal in Firearms without a License in violation of 18 U.S.C. § 924(n).

On January 5, 2023, the Defendant was charged in a Second Superseding Indictment in Count One with Conspiracy in violation of 18 U.S.C. § 371 and Count 3 with   Travel with Intent to Deal in Firearms without a License, in violation of 18 U.S.C. § 924(n).

On March 7, 2023, the Defendant pleaded guilty to Counts One and Three of the Second Superseding Indictment.

- 1 -

Conspiracy is a Class D Felony punishable by a maximum term of five years imprisonment, a $250,000 fine, a $100 special Assessment, and a maximum term of three years of Supervised Release.

Travel with Intent to Deal in Firearms without a License is a Class C Felony punishable by a maximum term of ten years imprisonment, a $250,00 fine, and a maximum term of three years of Supervised Release. The terms of Supervised Release shall run concurrently. PSR ¶ 119.

While the Guidelines do not recommend a probation sentence because the recommended sentence falls within Zone D of the Sentencing Table, the statutes permit a probation sentence (18 USC §§ 371, 924(n) and 3561). PSR ¶¶ 121 to 123.

The Pre-sentence Investigation Report ("PSR") found the Base Offense Level to be 27, the Criminal History Category is One, and the recommended incarceration range is 70 to 87 months. PSR ¶ 116.

*The Legal Standard*

A Court must follow a three-step process when sentencing a defendant. First, the Court must calculate Defendant's guideline sentence. Here, the recommended guideline sentence is 70 to 87 months. Second, the Court must decide any pending departure/variance motion. Here, none is pending. Third, the Court must consider the relevant factors outlined in 18 U.S.C. § 3553(a) in determining a sentence that is

not longer than necessary.  *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).[1]  The following is a discussion of the 3553 factors.

The 3553 Factors

The goal of § 3553(a) is for the Court to impose a sentence sufficient but not greater than necessary to comply with the purposes set forth in ¶2 of 18 U.S.C. § 3553(a).  Defendant respectfully submits that a sentence significantly below the lower end of the recommended guideline sentence, if possible, is sufficient but not greater than necessary to comply with the factors set forth in § 3553(a)(2).

*The Nature and Circumstances of the Offense*[2]

From June 23, 2020, to November 21, 2020, the Defendant and ten other individuals purchased guns from Federal Firearms Licensed Gun Dealers in the Atlanta area that were then transported to Philadelphia, Pennsylvania, where they were sold to others.  Neither the Defendant nor any of the other participants were licensed gun dealers.  A total of  290 Firearms were purchased by the group and

---

[1] At the third step of the sentencing process, the Court must consider the advisory guideline range and all the pertinent § 3553(a) factors in determining the final sentence.  "The record must demonstrate the trial court gave meaningful consideration to the 3553(a) factors . . . a rote statement . . . should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the Court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006).

[2] 18 U.S.C. § 3553(a)(1).

resold to others. Defendant was directly involved in 141 purchases. See PSR ¶ 40, pages 12 to 39.

<u>*The History and Characteristics of Defendant*</u> [3]

The Defendant is 26 years old. He was 23 years old when this offense began. This is the Defendant's first arrest and conviction. The Defendant is not married and does not have children.

The Defendant was born in Dekalb, Georgia, on January 22, 1997, to the union of Fredrick Norman[4] and Rachel Wilson.[5] The Defendant has one brother, Stephen Norman, who is two years younger. The Defendant's parents divorced in 1999. After the divorce, the Defendant was raised by his mother. Notwithstanding this, the Defendant does not have a close relationship with his mother. His father was not involved in his upbringing. The Defendant's relationship with his father has improved since his arrest in this case.

The Defendant was raised in a rural environment where there were no drugs or violence. He was not abused as a child, and his needs were provided for by his

---

[3] 18 U.S.C. § 3553(a)(1).

[4] Mr. Norman owns and manages a real estate business where he buys, remodels, and sell properties.

[5] Ms. Wilson is originally from Philadelphia. She has a Masters' Degree in Organizational Management that she earned in 2014. She works as a Property Navigator for Open Doors of Atlanta, a non-profit organization, where she identifies, creates, and maintains a portfolio of apartment properties for the purpose of housing those exiting homelessness who have barriers.

mother. He did, however, feel neglected by his father. The Defendant believes that his father's absence negatively influenced the course of his life.

On March 10, 2013, Defendant completed High School through an online program after having attended regular High School for several years. The Defendant does not have additional education.

While the Defendant is currently unemployed, from April 2022 to April 2023, and from March 22, 2020, to December 18, 2021, the Defendant worked as an Instacart driver. In 2019, he worked at a Dollar Tree store as a cashier. In 2018, the Defendant worked at a Goodwill as a donor associate. From September 11, 2017, to February 24, 2018, the Defendant worked for Domino's Pizza as a delivery driver. From 2016 to 2018, the Defendant worked as a delivery driver for Papa John's Pizza. From 2015 to 2016, the Defendant worked in several factory jobs, but he does not recall the names of the companies. Last, he worked as a receptionist for an apartment complex. He also does not recall the name of the apartment complex.

The Defendant has been diagnosed with depression and anxiety by Kaiser Permanente Medical Office in Douglassville, Georgia. He was prescribed Lexapro, which is used to treat depression and anxiety. He was also evaluated for depression and anxiety at the Tanner Medical Center in Villa Rica, Georgia. He was prescribed Trazodone to treat depression in 2022 at Villa Rica Family Medicine in Villa Rica, Georgia. The Defendant admits that he did not follow the treatment instructions.

The Defendant has a history of drug and alcohol abuse. He smoked Marijuana in 2016 and 2017. He stopped because it worsened his anxiety and caused him to experience severe panic attacks requiring medical attention. In 2018, the Defendant started to drink. He quickly began to drink heavily and reached a point where he drank one bottle of liquor a day. He drank heavily for 18 to 24 months. He went through withdrawals in 2019 and 2020. It is respectfully requested that the Court recommend that the Defendant participate in the long-term RDAP program while in custody. Please note that Defendant was addicted to alcohol during the time he committed this offense.

### *The Need for the Sentence Imposed*[6]

The need for the sentence imposed requires the evaluation of the following factors: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes by the Defendant; and (D) to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. A discussion of these factors follows:

---

[6] 18 U.S.C. § 3553(a)(2)(A) – (D).

### *To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment[7] and to Afford Adequate Deterrence[8]*

The Defendant understands that the Court must impose a sentence of incarceration that reflects the seriousness of the offense, promotes respect for the law, provides just punishment, and constitutes adequate deterrence. These factors do not require the longest possible period of incarceration. The sentence should be as long as necessary. The Defendant is a young man who committed a serious offense. It is clear the Defendant did not think about the offense and the possible repercussions of his conduct. This is his first arrest. He graduated from High School and maintained employment for several years. He has been dealing with depression and anxiety for a long time and struggling with substance abuse. It is respectfully submitted that the Defendant can turn his life around, stay away from criminal activity, and become a law-abiding and productive citizen. The longer the sentence, the more difficult it will be for Defendant to restart his life. The seriousness of the offense should not lead the Court to write the Defendant off. He is young and should be given an opportunity to have a productive life. An incarceration sentence below the guideline-recommended range can reflect the seriousness of the offense, promote respect for the law, provide just punishment, and constitute adequate deterrence.

---

[7] 18 U.S.C. § 3553(a)(2)(A).
[8] 18 U.S.C. § 3553(a)(2)(B).

Further, because this case involves two offenses, the Court can impose an incarceration sentence on one offense followed by a period of Supervised Release, which is then followed by a consecutive period of Probation for the second offense. This will give the Court an extended period of control over the Defendant's actions. For example, a sentence of 60 months, followed by three years of Supervised Release, which is then followed by a 60-month period of Probation, will keep the Defendant in custody for 60 months and under supervision (Supervised Release and Probation) for eight years after his release from prison. In total, he will be monitored for 13 years.

Again, this type of sentence will reflect the seriousness of the offense, promote respect for the law, provide just punishment, and constitute adequate deterrence.

Under the circumstances of this case, it may be argued that this sentence is too lenient. However, despite the facts involved, Counsel respectfully submits that because of the Defendant's age, lack of criminal history, and difficult childhood, the Court should also consider the importance of reintegrating this young Defendant into society as a law-abiding citizen.

Last, Defendant is not a person without any redeemable qualities. He demonstrated a commitment to complete his education when, after leaving High School, he enrolled in an online program and completed High School early. Today,

many young people leave school and do not return. He also demonstrated responsibility when he held many jobs for several years despite the low wages these jobs paid. Unfortunately, this Court confronts many individuals who have stopped working or have never held a job and have solely made a living through crime.

### *To Protect the Public from Further Crimes by Defendant* [9]

The Defendant has learned his lesson, and it is very unlikely that he will engage in future criminal activity. In addition, the proposed sentence will keep Defendant under supervision for 13 years.

### *To Provide Defendant with the Needed Education, Vocational Training, Medical Care, or Other Treatment* [10]

The Defendant needs treatment for addiction, depression, and anxiety. The Court should also recommend that the Defendant be designated to a facility that can teach him a vocational skill that he could then use to earn a living and stay away from crime.

### *Sentencing Alternatives* [11]

Defendant understands that the Court will impose a sentence of incarceration. The Defendant respectfully submits that a 60-month sentence would be appropriate.

---

[9] 18 U.S.C. § 3553(a)(2)(C).
[10] 18 U.S.C. § 3553(a)(2)(D).
[11] 18 U.S.C. § 3553(a)(3).

### *The PSR and Recommended Sentencing Guidelines[12]*

The parties did not object to the guideline calculations of the PSR. The PSR recommends a sentence of 70 to 87 months.

### *The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct[13]*

While there are codefendants in this case, the Court should impose a sentence that meets the characteristics and needs of this Defendant.

### *Other factors that Support a Lower Sentence*

### *Sentence Reduction for the Plea*

The Court should consider that because of the plea, Defendant reduced the work of the Court, the work of the Government, and reduced their expenses. The Court should consider that if more defendants were to exercise their right to a jury trial, it would result in larger backlogs and increased costs. Thus, individuals who give up their constitutional rights and plead guilty provide a significant benefit to the criminal justice system. Justice Stephen G. Breyer has argued and documented that pre-guideline reductions for guilty pleas were larger than those resulting from the three-level BOL reduction under § 3E1.1(a) & (b). *See* Justice Stephen G. Breyer, *The Federal Sentencing Guidelines and the Key Compromises upon Which They Rest*, 17 Hofstra L. Rev. 1 (1988). This case involved a significant amount of

---

[12] 18 U.S.C. § 3553(a)(4).
[13] 18 U.S.C. § 3553(a)(6).

evidence involving a large number of documents. A trial would have consumed a tremendous amount of time for all the parties involved, including the Court. As such, this Court should consider the impact that a trial would have had on the system in determining the appropriate sentence.

## CONCLUSION

It is respectfully submitted that a sentence of 60 months, followed by three years of Supervised Release on the Conspiracy Charge, followed by 60 months Probation on the Travel with Intent to Deal in Firearms charge is a sentence that is sufficient but not greater than necessary to comply with the factors set forth in § 3553(a)(2).

Last, Defendant respectfully requests that the Court recommend that Defendant serve his sentence at FCP Montgomery, located at 102 Willow Street, Montgomery, Alabama because Defendant is eager to participate in the programs offered by this facility with hopes of having better employment opportunities upon release.

                                                   Respectfully,

                                                   /s/ José Luis Ongay
                                                   _____
                                                   José Luis Ongay

Date: August 25, 2023

- 12 -

## CERTIFICATE OF SERVICE

I certify that on this date, I served a true and correct copy of this Sentencing Memorandum upon AUSA Priya DeSouza at Priya.DeSouza@usdoj.gov.

/s/ José Luis Ongay
_____
José Luis Ongay

Date: August 25, 2023